1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JACOB ANDREW JOHNSTON,

11

Plaintiff,

12

v.

13

CRYSTAL JENNINGS, *et al.*,

14

Defendants.

CASE NO. 3:22-cv-05394-RAJ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 21, 2022

15

16    This matter is before the Court on referral from the district court and on defendants'

17  motion to dismiss. *See* Dkt. 22.

18    Plaintiff is *pro se* and currently housed at the Monroe Correctional Complex (MCC). He

19  initiated this 42 U.S.C. § 1983 action against various Department of Corrections personnel for

20  depriving him meals and using excessive force against him while he was housed at the

21  Washington Corrections Center (WCC). Defendants moved to dismiss plaintiff's complaint

22  because he failed to state a claim against any defendant and because they are entitled to qualified

23  immunity. However, liberally construing plaintiff's allegations and viewing all inferences in the

24

REPORT AND RECOMMENDATION - 1

1  light most favorable to plaintiff—as the Court must at this stage—the Court disagrees with

2  defendants that plaintiff has failed to state any claim.

3      Plaintiff has sufficiently alleged that defendants coordinated with each other to deprive

4  him of up to 50 meals when he allegedly misbehaved. Defendants are not entitled to qualified

5  immunity regarding this claim, at this stage, because a prisoner's right to adequate food is clearly

6  established. However, the Court agrees with defendants that plaintiff's one sentence allegation is

7  insufficient to support an excessive force claim. Accordingly, the Court recommends that

8  defendants' motion to dismiss be granted in part and denied in part.

9                              **BACKGROUND**

10      **I.      Procedural History**

11      On June 15, 2022, the Court screened plaintiff's proposed complaint and granted

12  plaintiff's motion to proceed *in forma pauperis*, which allowed plaintiff to file his complaint. *See*

13  Dkts. 4, 5. Defendants filed a motion to dismiss on August 11, 2022. *See* Dkt. 22. Defendants

14  provided plaintiff a notice of dispositive motion, *see* Dkt. 23, but plaintiff has not filed a

15  response. The Court nevertheless exercises its discretion to reach the merits of the motion. *See*

16  Local Civil Rule 7(b)(2).

17      **II.     Allegations in the Complaint**

18      Plaintiff alleges that defendants—eight corrections officers and the superintendent of the

19  WSR—violated his Eighth Amendment rights when they denied him meals for misbehaving. *See*

20  Dkt. 5 at 4. He alleges that corrections officers coordinated between shifts to deprive him of

21  meals whenever his behavior was "not as good as [t]hey wished." *Id.* He alleges that the

22  punishment lasted for weeks after he allegedly misbehaved. *See id.* He alleges that the sergeants

23  did not investigate or stop any of the other defendants from depriving plaintiff's food. *See id.* He

24

1  alleges that he notified the superintendent of the deprivation, but that the superintendent did not

2  do anything to stop it. *See id.* He also alleges that one of the corrections officers—defendant

3  Logan—pepper sprayed plaintiff when plaintiff refused to remove paper from a window. *See id.*

4  Plaintiff is seeking monetary damages. *See id.* at 5.

5                                                  **DISCUSSION**

6          **I.        Legal Standard**

7          Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when

8  allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.

9  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

10 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide

11 "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

12 will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On

13 a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and

14 construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St.*

15 *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need

16 not be pleaded so long as sufficient factual averments show that the claimant may be entitled to

17 some relief." *Fontana v. Haskin,* 262 F.3d 871, 876–77 (9th Cir. 2001).

18         Courts liberally construe a *pro se* litigant's complaint and hold it to a less stringent

19 standard than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

20 curiam). *Pro se* litigants should be granted leave to amend unless it is absolutely clear that the

21 deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th

22 Cir. 2000) (en banc).

23 ///

24

1    **I.    Claims Against the WCC**

2        The WCC is listed as a defendant in this matter, but upon review of plaintiff's complaint,

3    it does not appear that he is bringing a claim against the WCC. He does not make any allegations

4    regarding the WCC in the narrative section of his complaint, and it appears that the WCC was

5    listed as a defendant in this matter simply because plaintiff listed three defendant slots without a

6    name and with an address at the WCC. *See* Dkt. 5 at 3 (defendants 10–12). To the extent that he

7    is seeking to sue the WCC, the Court concludes that he fails to state a claim because state prisons

8    are not "persons" under § 1983 and because state prisons enjoy Eleventh Amendment immunity.

9    *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (applying Eleventh

10    Amendment bar to suits against state prisons). Thus, the WCC should be dismissed from this

11    action.

12    **II.    Eighth Amendment Claims**

13        Plaintiff alleges that the remaining named defendants violated his Eighth Amendment

14    rights by depriving him of multiple meals as punishment for misbehaving. *See* Dkt. 5 at 4.

15    Plaintiff also appears to allege that, in addition to denying him food, defendant Logan used

16    excessive force on plaintiff when he used "OC spray" on plaintiff because plaintiff did not take

17    paper off a window. *See id.* Defendants argue that plaintiff's claims should be dismissed because

18    (1) he has failed to state a claim against any defendant and (2) they are entitled to qualified

19    immunity. *See* Dkt. 22 at 3–6.

20        **A. Food Deprivation**

21        Defendants first argue that plaintiff has not alleged sufficient personal participation by

22    any of the defendants regarding his food deprivation claim. *See* Dkt. 22 at 3. According to

23    defendants, plaintiff "does not allege how any of the individuals directly participated in this

24

REPORT AND RECOMMENDATION - 4

1  alleged deprivation." *Id.* at 3–4. However, at this stage in the proceedings, the Court must view

2  allegations and inferences in the light most favorable to plaintiff. *See Manzarek*, 519 F.3d at

3  1031. The Court must also liberally construe plaintiff's pleadings because he is proceeding *pro*

4  *se*. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se

5  litigants from the strict application of procedural rules and demands that courts not hold missing

6  or inaccurate legal terminology or muddled draftsmanship against them."). When viewed in that

7  context, the Court disagrees that plaintiff fails to allege sufficient participation by the named

8  defendants. Plaintiff has done enough to allege that all of the named defendants were integral

9  participants in the deprivation of his meals.

10      To be liable under § 1983, each officer's actions do not need to rise to the level of a

11  constitutional violation. *See Boyd v. Benton County,* 374 F.3d 773, 780 (9th Cir. 2004). As long

12  as an officer was "fundamental[ly] involve[d] . . . in the conduct that allegedly caused the

13  violation," the officer may be liable as an "integral participant." *Blankenhorn v. City of Orange*,

14  485 F.3d 463, 481 n.12 (9th Cir. 2007); *see also Monteilh v. County of Los Angeles*, 820 F. Supp.

15  2d 1081, 1089–90 (C.D. Cal. 2011) (collecting cases).

16      Here, plaintiff alleges that the corrections officers coordinated between shifts to deprive

17  him of meals when he would misbehave. *See* Dkt. 5 at 4. He specifically alleges that they would

18  tell one another not to feed plaintiff. *See id.* He also alleges that the sergeants did not stop the

19  other defendants from the alleged deprivation. *See id.* Although the sergeants may not have

20  directly deprived plaintiff of the meals, they may still be liable for failing to intervene. *See*

21  *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Lolli v. County of Orange*, 351

22  F.3d 410, 418 (9th Cir. 2003) (sergeant's "failure to bring his subordinates under control could

23  support liability under § 1983"). The same is true for the superintendent because plaintiff alleges

24

1    that he notified the superintendent of the food deprivation and the superintendent did not do

2    anything to stop it. *See* Dkt. 5 at 4. Whether a particular defendant committed any of the alleged

3    acts will have to be ultimately proven by plaintiff, but the allegations are sufficient to put

4    defendants on notice of their alleged wrongdoing at this stage in the proceedings.

5          Defendants' second argument is that, "[i]nstead of pleading specific facts, plaintiff relies

6    on his broad allegation that he has missed meals at times . . . ." Dkt. 22 at 4. The Court disagrees

7    that plaintiff's allegations are as broad as defendants suggest. The Eighth Amendment requires

8    that prison officials "provide humane conditions of confinement," which includes "adequate

9    food, clothing, shelter, and medical care." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir.

10   2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions of confinement

11   claim requires (1) an objective showing that plaintiff was deprived of "the minimal civilized

12   measure of life's necessities," and (2) a subjective showing that this "deprivation occurred with

13   deliberate indifference to [plaintiff]'s health or safety." *Id.*

14         Here, plaintiff alleges that defendants coordinated with each other to deprive him of

15   meals when his behavior was "not as good as [t]hey wished." Dkt. 5 at 4. He alleges that

16   corrections officers from one shift deprived plaintiff of his meals and then told the next shift to

17   do the same. *See id.* He alleges that the deprivation of meals lasted for weeks after he was

18   accused of misbehavior. *See id.* Plaintiff alleges that they did not allow him to eat "one, two,

19   three or more meal[s] on a regular [b]as[is]." *Id.* Plaintiff also attached a grievance to his

20   complaint that states that he was deprived of "1 to [a]ll meals a [d]ay" and "up to 50-25" meals

21   in total. Dkt. 5 at 7.[1]

22

23

       _____

       [1] The Court may consider materials that are properly submitted as part of the complaint.
24   *See Guamataotao v. Dir. Of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001).

1       Although plaintiff does not allege a specific harm, the Court nevertheless concludes that

2 the "repeated and unjustified failure [to provide] adequate sustenance" is a sufficiently serious

3 deprivation of the minimal civilized measure of life's necessities. *Mendiola-Martinez v. Arpaio*,

4 836 F.3d 1239, 1259 (9th Cir. 2016) (quoting *Foster*, 554 F.3d at 814). While there is no specific

5 number of meals a prisoner must go without to establish a constitutional violation, depriving

6 plaintiff between one and three meals on a regular basis and up to fifty meals in total within a

7 period of weeks is sufficient to state a claim. *See Sala v. Cox*, No. 3:11-cv-00268-ECR, 2012

8 WL 3536720, at *4 (D. Nev. Aug. 15, 2012) (concluding as a matter of law "that no food for

9 three days is inadequate to maintain a person's health . . . even though [p]laintiff has not

10 produced affirmative evidence of injury"); *Foster*, 554 F.3d at 812 (finding allegations that

11 prisoner was denied 16 meals in 23 days was "serious deprivation"); *but see Garrett v. Gonzalez*,

12 588 Fed. Appx. 692, 692 (9th Cir. 2014) (affirming dismissal of food deprivation claim based on

13 denial of three consecutive meals as punishment for failing to cuff up when prisoner failed to

14 allege injury to health). Further, "the risk that [a prisoner] might suffer harm as a result of the

15 repeated denial of meals is obvious." *Foster*, 554 F.3d at 814. Thus, the Court concludes that,

16 viewing the allegations and inferences in the light most favorable to plaintiff, he has sufficiently

17 stated a claim under the Eighth Amendment for food deprivation.

18       Accordingly, the Court recommends that defendants' motion to dismiss be denied as to

19 this claim.

20             **B.  Excessive Force**

21       Plaintiff alleges in one sentence that defendant Logan sprayed plaintiff with "OC spray"

22 because plaintiff did not take paper off a window. Dkt. 5 at 4. Defendants argue that plaintiff's

23 allegations against defendant Logan are "too vague to support any cause of action." Dkt. 22 at 4.

24

1    "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual

2    punishment forbidden by the Eighth Amendment." *Hudson v. McMillian,* 503 U.S. 1, 5

3    (1992) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To determine whether prison

4    officials used excessive force, the appropriate inquiry is "whether force was applied in a good

5    faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose

6    of causing harm." *Id.* at 6 (citations omitted). The Court analyzes excessive force claims against

7    prisoners using the following five factors: "(1) the extent of injury suffered by [a prisoner]; (2)

8    the need for application of force; (3) the relationship between that need and the amount of force

9    used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to

10   temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir.

11   2013).

12        Plaintiff's one sentence allegation regarding the use of force is insufficient to state a

13   claim against defendant Logan even under a liberal interpretation of the complaint. Plaintiff has

14   simply not alleged enough facts for the Court to apply the five-factor analysis described above.

15   Notably, plaintiff does not state whether he was given a warning, where he was sprayed and how

16   much spray defendant Logan used, whether plaintiff suffered any injuries, or any other context

17   surrounding the use of pepper spray. However, the deficiency with this claim may be cured with

18   an amendment. Thus, the Court recommends that plaintiff's excessive force claim against

19   defendant Logan be dismissed without prejudice and with leave to amend.

20            **C.  Qualified Immunity**

21        Defendants alternatively argue that they are entitled to qualified immunity. *See* Dkt. 22 at

22   5. "[Q]ualified immunity protects government officials 'from liability for civil damages insofar

23   as their conduct does not violate clearly established statutory or constitutional rights of which a

24

1    reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting

2    *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be clearly established, a right must be

3    sufficiently clear "that every 'reasonable official would [have understood] that what he [or she]

4    is doing violates that right.'" *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (quoting *Ashcroft v.*

5    *Al–Kidd*, 563 U.S. 731, 741 (2011)). This immunity protects "all but the plainly incompetent or

6    those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

7            Here, defendants make a cursory argument that they are entitled to qualified immunity

8    because they cannot tell what they allegedly did that was unlawful and because "plaintiff has the

9    burden of proving that the right was clearly established." Dkt. 22 at 6. However, as stated above,

10   plaintiff's allegations concerning the deprivation of his meals is enough to state a claim for a

11   violation of the Eighth Amendment and put defendants on notice of their alleged wrongdoing.

12   *See supra* section II.A. Further, "[t]here is no question that a prisoner's Eighth Amendment right

13   to adequate food is clearly established." *Foster*, 554 F.3d at 815–16. "A reasonable corrections

14   officer should know that when [a prisoner] can be fed without risk to the prison officer's

15   safety—as is assumed to be the case here—the prison official cannot arbitrarily deny [a prisoner]

16   his meals." *Id.*

17           The Court only addresses whether defendants are entitled to qualified immunity

18   regarding the meal deprivation claim because the Court recommends that the excessive force

19   claim against defendant Logan be dismissed with leave to amend. Accordingly, at this point in

20   the proceedings, the Court finds that qualified immunity does not apply, but that the Court may

21   reconsider this question at a later time.

22   ///

23   ///

24

1  **III.    Other Issues**

2      Within their motion to dismiss—and instead of filing a separate motion for a protective

3  order—defendants ask the Court to stay discovery pending a ruling on their motion. *See* Dkt. 22

4  at 6. Such a request is futile because it is moot by the time the Court issues a ruling on the

5  motion. Nevertheless, because the Court concludes that plaintiff has stated a viable claim against

6  defendants, the Court denies defendants' request to stay discovery.

7                              **CONCLUSION**

8      For the reasons set forth above, the Court recommends that defendants' motion to dismiss

9  (Dkt. 22) be granted in part and denied in part. Specifically, WCC should be dismissed from this

10  action with prejudice. Plaintiff's excessive force claim against defendant Logan should be

11  dismissed without prejudice and with leave to amend. Defendants' motion should otherwise be

12  denied.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

16  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

17  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

18  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

19  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 21,**

20  **2022,** as noted in the caption.

21      Dated this 4th day of October, 2022.

22

23                              J. Richard Creatura

24                              Chief United States Magistrate Judge


REPORT AND RECOMMENDATION - 10