UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

              Plaintiff,

     v.

CRYSTAL JENNINGS,

              Defendant.

CASE NO. 3:22-cv-05394-RAJ-JRC

ORDER DIRECTING AMENDED COMPLAINT

     This matter is before the Court on referral from the District Court. Before the Court is plaintiff's "amended complaint dismissing defendants from case com [sic] motion," plaintiff's motion to add defendants, and defendants' motion for more definite statement. Dkts. 35, 36, 39. The time for filing an amended complaint as a matter of course has expired. *See* Dkt.; Fed. R. Civ. P. 15(a). Further, although plaintiff appears to seek to amend his complaint, he has not filed a proposed amended pleading in support of his request. *See* Dkt. 35.

     The Court construes plaintiff's "amended complaint dismissing defendants from case com [sic] motion" (Dkt. 35) as a motion for leave to amend the complaint. Because plaintiff has

not filed a complete proposed amended complaint with his request for leave to amend, the Court denies the motion without prejudice, meaning that plaintiff can file a new motion with a complete proposed amended complaint as described below. The Court will deny as moot plaintiff's motion to add defendants and defendants' motion for more definite statement.

**BACKGROUND**

On June 15, 2022, the Court screened plaintiff's proposed complaint and granted plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), which allowed plaintiff to file his complaint. *See* Dkts. 4, 5. In the complaint, plaintiff alleged defendants—eight corrections officers and the superintendent of the Washington Corrections Center ("WCC")—violated his Eighth Amendment rights when they denied him meals for misbehaving. *See* Dkt. 5 at 4. He alleged corrections officers coordinated between shifts to deprive him of meals whenever his behavior was "not as good as [t]hey wished." *Id.* He alleged the punishment lasted for weeks after he allegedly misbehaved. *See id.* He alleged the sergeants did not investigate or stop any of the other defendants from depriving plaintiff's food. *See id.* He alleged he notified the superintendent of the deprivation, but the superintendent did nothing to stop it. *See id.* He also alleged one of the corrections officers—defendant Logan—pepper sprayed plaintiff when he refused to remove paper from a window. *See id.*

Defendants filed a motion to dismiss on August 11, 2022. Dkt. 22. On January 26, 2023, the Court granted in part and denied in part the motion to dismiss. *See* Dkts. 24, 29. Specifically, the Court dismissed with prejudice defendant WCC, dismissed without prejudice plaintiff's Eighth Amendment claim for excessive force against defendant Logan, and granted plaintiff leave to amend. *Id*. The Court otherwise denied defendants' motion. *Id*. Plaintiff did not file an amended complaint, and defendants thereafter answered the complaint on February 9, 2023. Dkt.

1  32. On February 13, 2023, the Court issued an Order setting pretrial scheduling deadlines. Dkt. 33.

On February 23, 2023, plaintiff filed his "amended complaint dismissing defendants from case com [sic] motion." Dkt. 35. In the filing, plaintiff indicates he wishes to dismiss two defendants, but does not set forth allegations in support of any legal claims. *See id*. Plaintiff also fails to attach a proposed amended complaint to this filing. *See id*. Plaintiff subsequently filed a motion that appears to request the Court grant him leave to add defendants to his "amended complaint." Dkt. 36. Defendants have responded to plaintiff's filings with a motion for more definite statement, arguing they are entitled to a more definite statement from plaintiff because his filings are insufficient for them to reasonably frame a responsive pleading. Dkt. 39.

**DISCUSSION**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Defendants filed an answer on February 9, 2023. Dkt. 32. Thus, the time has expired for filing an amendment as a matter of course and plaintiff cannot amend pursuant to Rule 15(a)(1). Further, defendants have not provided written consent allowing plaintiff to amend. *See* Dkt. 39. As such, to amend the complaint, plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

As stated above, plaintiff has not filed a complete proposed amended complaint in support of his motion. *See* Dkt. 35. *See also* Local Civil Rule 15 ("A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation."). Because plaintiff has failed to file a proposed amended complaint with the instant motion, the motion to amend the complaint (Dkt. 35) is denied without prejudice, meaning that plaintiff can file a new motion with a complete proposed amended complaint. If plaintiff chooses to do so, he may file such a new motion on or before May 12, 2023. Should plaintiff choose not to file a new motion for leave to amend with an attached proposed amended complaint by May 12, 2023, the case will proceed with the complaint (Dkt. 5) as the operative complaint.

The Court further notes in order to amend his complaint, plaintiff must file a complete proposed amended complaint, and not a supplement. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. Further, as set forth by defendants, any amended complaint shall contain the following information: the name of each defendant and the accusations against him or her; the exact date, including the year, that these events allegedly occurred; a clear designation of which pages comprise the amended complaint; the utilization of numbered paragraphs to organize the amended complaint; and the inclusion of only relevant exhibits, meaning that the exhibits only relate to the individuals and incidents named in the amended complaint and do not raise additional issues or claims not contained in the amended complaint itself. *See* Dkt. 39 at 3. The amended complaint will act as a complete substitute for the original complaint and not as a supplement.

**CONCLUSION**

For the reasons set forth above, the Court denies without prejudice plaintiff's motion for leave to amend his complaint. Dkt. 35. Plaintiff may, however, file a new motion with a complete proposed amended complaint **on or before May 12, 2023**. If plaintiff does not file a motion for leave to amend by May 12, 2023, the case will proceed with plaintiff's complaint (Dkt. 5) as the operative complaint. Further, the motion to add defendants (Dkt. 36) and motion for more definite statement (Dkt. 39) are denied as moot.

The Clerk is directed to send plaintiff this Order along with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 10th day of April, 2023.

J. Richard Creatura
United States Magistrate Judge