UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

                Plaintiff,

v.

CRYSTAL JENNINGS, et al.,

                Defendants.

CASE NO. 3:22-cv-05394-RAJ-GJL

ORDER ON PLAINTIFF'S MOTIONS TO COMPEL, FOR A MEETING, TO AMEND THE COMPLAINT AND FOR AN EXTENSION

This matter is before the court on referral from the district court and on the following motions brought by Plaintiff: (1) motion to compel discovery (Dkt. 46), (2) motion to "me[e]t over phone or video," (3) "amended complaint [to] dismiss & add defendant" (construed as a motion to amend the Complaint) (Dkt. 47), and (4) both a motion for extension of time (Dkt. 48) and an amended motion for extension of time (Dkt. 55). Defendants have responded. Dkts. 51, 52. Plaintiff has not filed any replies. For the reasons discussed below, the Court **DENIES** Plaintiff's motions to compel, for a conference and to amend, and **GRANTS** Plaintiff's request for an extension until July 3, 2023, to file his motion to amend and proposed amended complaint.

ORDER ON PLAINTIFF'S MOTIONS TO
COMPEL, FOR A MEETING, TO AMEND THE
COMPLAINT AND FOR AN EXTENSION - 1

# I. DISCUSSION

**A.     Motion to Compel (Dkt. 46)**

Plaintiff has filed a document entitled "Compel Discovery from Defendant" which appears to seek the production of documents. Dkt. 46.

Plaintiff filed his motion the same day that the Court denied a substantially similar motion on the ground that Plaintiff had failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37 and Local Civil Rule ("LCR") 37(a)(1). Dkt. 44. Defendants contend that, as with Plaintiff's prior motion, Plaintiff has neither served any discovery requests upon them nor complied with the meet and confer requirements. Dkt. 51 at 2.

Before Plaintiff may seek the intervention of the Court to compel any discovery, he must first initiate the discovery process by serving his discovery requests directly upon Defendants. *See* Fed. R. Civ. P. 34. Such requests **may not** be filed with the Court, except when used as evidence or exhibits. LCR 5(d). A party served with discovery requests has 30 days from the date of service of the requests in which to provide a response. Fed. R. Civ. P. 34(b)(2). If information has been properly requested and a party is dissatisfied with the response, the parties **must** meet and confer—either in person or by telephone—regarding any purported insufficiency in the response, in accordance with Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1). If the parties cannot resolve their differences, the requesting party may then bring a motion to compel pursuant to Fed. R. Civ. P. 37 but **must** include with the motion a certification that the parties have met and conferred in accordance with LCR 37(a)(1).

Here, Plaintiff has submitted no evidence that he has actually served any requests upon Defendants—and Defendants contend that he has not done so. Dkt. 51. Plaintiff's filing of a "motion to compel" the production of documents with the Court does not meet this requirement,

ORDER ON PLAINTIFF'S MOTIONS TO
COMPEL, FOR A MEETING, TO AMEND THE
COMPLAINT AND FOR AN EXTENSION - 2

because discovery must be served directly upon Defendants, and may not be filed with the Court. Thus, Plaintiff's motion fails for the lack of any pending requests.

Plaintiff's motion also fails because he has not filed the mandatory certification that he has met and conferred with Defendants' counsel. Even if Plaintiff had served discovery requests, he may not seek an order from the Court compelling any response unless he has first complied with the meet and confer process, and also filed a certification that he has done so. Plaintiff has filed no such certification here.

Plaintiff must comply with the discovery process before bringing a motion to compel, and he has not done so. Plaintiff's motion to compel (Dkt.46) is therefore **DENIED**.

B.      **Motion to Meet Over Phone or Video (Dkt. 49)**

Plaintiff requests "that plaintiff and Defendants Attorneys me[e]t over vid[e]o or phone to discuss things going on in case." Dkt. 49 at 1. Defendants contend Plaintiff's request is moot, because the parties have met via telephone and discussed this matter. Dkt. 52 at 2. Plaintiff did not file a reply disputing Defendant's contention.

Plaintiff's motion appears to be premature, as he does not allege Defendants' counsel had refused any request to meet with him. However, it also appears the parties have had the telephonic meeting Plaintiff requested. Dkt. 52 at 2. Plaintiff's motion (Dkt. 49) is therefore **DENIED** as moot.

C.      **Motion to Amend (Dkt. 47)**

Plaintiff has filed a document entitled "Amended Complaint" that states Plaintiff would like to add a new Defendant and to remove a Defendant from his Complaint. Dkt. 47. Defendants contend Plaintiff has failed to comply with the process required by Fed. R. Civ. P. 15 and LCR 15 to amend his Complaint. Dkt. 51 at 2.

Plaintiff previously brought two similar motions which, like the motion here, sought to add and to remove Defendants. Dkts. 35, 36. In ruling on those motions, the Court instructed Plaintiff that he must comply with Fed. R. Civ. P. 15 and LCR 15 by bringing a motion to amend his Complaint, accompanied by a complete proposed amended complaint containing all of his claims. Dkt. 45 at 4. The Court reminded Plaintiff that the amended complaint will act as a complete substitute for his existing Complaint and not as a supplement. *Id*. The Court directed Plaintiff to file a motion to amend and a proposed amended complaint, and denied Plaintiff's motions to amend as moot in light of the direction to file an amended complaint. *Id*. at 5.

Plaintiff's current motion fails to comply with the requirements of Fed. R. Civ. P. 15, LCR 15, and the Court's prior Order Directing Amended Complaint (Dkt. 45). The Court has already granted Plaintiff leave to file a motion to amend that complies with these provisions (and, as discussed below, will extend the deadline for doing so). Accordingly, plaintiff's motion to amend (Dkt. 47) is **DENIED** as moot.

**D.      Motion for Extension (Dkts. 48, 55)**

Plaintiff seeks an extension of the May 12, 2023, deadline for filing his motion to amend and proposed amended complaint, which the Court established in its prior Order Directing Amended Complaint (Dkt. 45 at 5). Plaintiff first filed a motion seeking to extend the deadline to June 1, 2023, to which Defendants have stated they do not object. Dkts. 48, 52. Plaintiff subsequently filed an "amended" motion, seeking to extend the deadline to July 1, 2023. Dkt. 55. The second motion is noted for May 26, 2023, so Defendants have not yet responded. However, the Court finds it is in the interest of justice to decide the motion promptly, and a response is not required; if Defendants object to the Court's resolution of the amended motion, they may file a motion for reconsideration.

ORDER ON PLAINTIFF'S MOTIONS TO
COMPEL, FOR A MEETING, TO AMEND THE
COMPLAINT AND FOR AN EXTENSION - 4

Plaintiff states that he is being transferred to a different facility and will therefore require additional time to prepare his proposed amended complaint. The Court finds an extension is appropriate, and in the interests of justice. Plaintiff's motions for an extension (Dkts. 48 and 55) are **GRANTED**.

## II. CONCLUSION

The Court therefore **ORDERS** as follows:

1. Plaintiff's motion to compel (Dkt. 46) is **DENIED**;

2. Plaintiff's motion to meet over phone or video (Dkt. 49) is **DENIED** as moot;

3. Plaintiff's motion to amend (Dkt. 47) is **DENIED** as moot; and

4. Plaintiff's motions for an extension of time (Dkts. 48 and 55) are **GRANTED**. On or before **July 1, 2023**, Plaintiff shall file a motion to amend, accompanied by a complete proposed amended complaint that sets forth all of his claims and names all defendants against whom he wishes to proceed, in compliance with Fed. R. Civ. P. 15, LCR 15 and this Court's prior Order Directing Amended Complaint (Dkt. 45). If Plaintiff fails to file a compliant motion to amend by July 3, 2023, the case will proceed with Plaintiff's original Complaint (Dkt. 5) as the operative complaint.

Dated this 19th day of May, 2023.

Grady J. Leupold
United States Magistrate Judge