UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB ANDREW JOHNSTON,<br><br>      Plaintiff,<br> v.<br><br>CRYSTAL JENNINGS, *et al*.,<br><br>      Defendants. | CASE NO. 3:22-cv-05394-RAJ-GJL<br><br>ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR COUNSEL |

This matter is before the Court on referral from the district court and on Plaintiff's motions to amend the Complaint (Dkt. 57) and to appoint counsel (Dkt. 58). Defendants have filed a response to Plaintiff's motion for counsel (Dkt. 59) and Plaintiff has not filed a reply. Defendants do not oppose Plaintiff's motion to amend his Complaint. Dkt. 61.

**A. Motion to Amend (Dkt. 57)**

Plaintiff seeks to amend his Complaint. Dkt. 57. Pursuant to this Court's prior orders (Dkts. 45, 56), Plaintiff has filed a proposed Amended Complaint. Dkt. 57-1. Defendants (without conceding the Amended Complaint states a claim upon which relief can be granted) do not oppose the amendment. Dkt. 61.

Where, as here, a responsive pleading has been filed, a plaintiff may no longer amend the complaint as of right. Fed. R. Civ. P. 15(a). Instead,

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, Defendants have filed a written response stating they do not object to the amendment. Dkt. 61.

Accordingly, the Court **GRANTS** plaintiff's motion to amend. The Court will issue a separate order directing service upon the newly added Defendants. Also, in light of the addition of new Defendants, the Court suspends the current case schedule and will issue a new schedule after the newly added Defendants have filed an Answer.

**B.      Motion for Counsel (Dkt. 58)**

Plaintiff seeks the appointment of counsel, on the ground that he is indigent. Dkt. 58. Defendants oppose the motion. Dkt. 59.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff has not demonstrated that extraordinary circumstances exist requiring the appointment of counsel. Plaintiff cites only his indigency, but that is not an extraordinary circumstance that sets him aside from other prisoner plaintiffs. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants") (citations omitted). Moreover, Plaintiff has demonstrated a sufficient grasp of the legal issues involved in this case, having filed a Complaint that passed this Court's screening, and multiple motions. In addition, at this stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits.

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. Therefore, plaintiff's request for counsel (Dkt. 91) is **DENIED** without prejudice, meaning that plaintiff may renew the motion at a later date upon a showing of exceptional circumstances.

C.     **Request to File Sworn Statement (Dkt. 58)**

Plaintiff's motion for counsel also includes a request to file an unidentified statement under penalty of perjury. Dkt. 58 at 2. Plaintiff asserts that such a statement "may be needed" to defend against a motion for summary judgment. *Id*.

There is no need for Plaintiff to file such a statement at this time. Defendants have not brought a motion for summary judgment. If they file such a motion, Plaintiff will have an

opportunity to respond and to submit evidence, including (if he chooses) a Declaration containing his sworn statement. Plaintiff does not require leave of the Court to file a response after a motion for summary judgment is filed. However, because Defendants have not filed such a motion, any response would be premature at this time. Plaintiff's motion to file a sworn statement is therefore **DENIED** as premature.

## II.  CONCLUSION

The Court therefore ORDERS as follows:

1. Plaintiff's motion to amend his Complaint (Dkt. 57) is **GRANTED**. The Clerk is directed to docket the Amended Complaint (Dkt. 57-1) as the operative complaint in this matter.

2. The deadlines in the Pretrial Scheduling Order in this matter (Dkt. 33) are **SUSPENDED**. The Court will issue a new Scheduling Order after the newly named Defendants have appeared and answered.

3. Plaintiff's motion for counsel (Dkt. 58) is **DENIED** without prejudice.

4. Plaintiff's request to file a sworn statement (Dkt. 58 at 2) is **DENIED** as premature.

Dated this 13th day of June, 2023.

Grady J. Leupold
United States Magistrate Judge